UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHSUETTS

| | | |
|---|---|---|
| CHRISTINE M. ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 17-12092-FDS |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT

SAYLOR, J.

This is an action related to a possible foreclosure on the home of plaintiff Christine Adams. Defendant Wells Fargo Bank has moved for a more definite statement of her claim. For the reasons given below, the motion will be granted.

### I. Background

Adams filed the complaint in this case on October 25, 2017, along with a motion for a temporary restraining order seeking to stop defendant Wells Fargo Bank from foreclosing on her home. It appears that foreclosure was not imminent at that time, and Adams sought to continue the hearing on her motion for a temporary restraining order for medical reasons and so that she could consult with an attorney. On December 12, Adams filed another motion to continue the hearing on her motion for a temporary restraining order, explaining that the bank had cancelled the foreclosure. The Court cancelled the hearing and denied the motion for a temporary restraining order as moot.

The complaint alleges that Adams's claim arises from "Article III U.S. Constitution, et seq." (Compl. at 3). It alleges that a "[c]ause(s) of action exist from divergent paths taken by

1

both the mortgage note and the deed of trust" and that a "cloud on all title activity exists due to no definitive claimant of ownership of the note(s)." (*Id.* at 4).  It alleges that her due process rights were violated "per improper mortgage company procedures, both servicing through an independent broker/realtor, and otherwise, and including, but not limited to, improper noticing for mortgage note and deed activities (i.e., Divergent paths for both stipulate relevant causes of action)." (*Id.* at 5).  Adams claims "Fraud, Negligence, and Misrepresentation attributed to Defendants' multiple violations of ignoring proper loan procedures." (*Id.*).  The complaint states that "[d]efendants' claim estate or interest in the real property described in this Complaint adverse to that of Plaintiff, and absent a valid trustee's deed, now set forth as an Absentee Trustee's Deed, as the existence of any valid trustee's deed which could benefit Defendants would be null and void, and in favor of Plaintiff, thereby effecting the necessary cancellation of said deed as Defendants' claims are without any merit." (*Id.* at 5).

Adams finally served Wells Fargo on May 23, 2018.  Wells Fargo has moved for a more definite statement.

## II. Standard of Review

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e).  "While defendants may prefer highly detailed factual allegations, a generalized statement of facts is adequate so long as it gives the defendant sufficient notice to file a responsive pleading." *Langadinos v. Am. Airlines, Inc.*, 199 F.3d 68, 72-73 (1st Cir. 2000).  A court should not grant a motion for a more definite statement when the degree of detail sought exceeds federal pleading requirements and demands information that is more appropriately obtained through discovery. *Raytheon Co. v.*

*Continental Cas. Co.*, 123 F. Supp. 2d 22, 33 (D. Mass. 2000).

### III. <u>Analysis</u>

Because Adams is proceeding *pro se*, the Court must construe her complaint liberally. Even so, other than stating the address of the property at issue, the complaint does not contain sufficiently specific allegations that would allow Wells Fargo to respond. It does not explain what the alleged "improper mortgage company procedures" are, what actions were negligent, what misrepresentations were made, what "divergent paths" were taken by the mortgage note and the deed of trust, or even when these activities occurred. Accordingly, Adams is hereby ORDERED to file an amended complaint setting forth a more definite statement of her claims, including, at a minimum, the following:

- The specific time period during which the alleged misconduct took place;
- When and how the mortgage note and deed of trust took "divergent paths," including the alleged ownership of the note and mortgage/deed of trust at the relevant time period(s) and how such facts support a viable cause of action;
- Which mortgage company procedures were improper or ignored, and how;
- Any alleged improper noticing for mortgage note and deed activities concerning plaintiff's mortgage loan;
- Any alleged misrepresentations made to plaintiff, including the identity of the speaker, the date of the misrepresentation, and the content of the misrepresentation; and
- The specific legal claims she is asserting against Wells Fargo.

Adams is directed to file such an amended complaint within 21 days of this order, or by August 2, 2018. Failure to do so may result in the dismissal of this action.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor, IV
Dated: July 12, 2018                                       United States District Judge